UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marcus Anthony Baker, | Civ. No. 23-1520 (PAM/ECW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Jesse Pugh, Warden, | |
| Respondent. | |

This matter is before the Court on Respondent's Motion to Dismiss Petitioner Marcus Anthony Baker's Petition for Writ of Habeas Corpus. The Petition challenges the validity of Baker's state-court convictions. For the following reasons, the Motion is denied without prejudice.

There are two problems with Respondent's motion to dismiss. The first is that, under the Rules Governing Section 2254 Proceedings in the United States District Courts ("Section 2254 Rules"), the appropriate response to a habeas petition generally is an answer, not a motion to dismiss. See Section 2254 Rule 5. Moreover, Respondent was expressly ordered by Magistrate Judge Elizabeth Cowan Wright to file an answer rather than a motion to dismiss.[1] (May 26, 2023, Order (Docket No. 6).) Respondent should not have filed the Motion to Dismiss, but instead should have complied with the Magistrate Judge's order and filed an answer to the Petition.

---

[1] Respondent points out that the comments to Rule 5 contemplate that a motion to dismiss may sometimes be filed in advance of the answer. But the comments to Rule 5, like the Rule itself, make clear that if a Respondent has been directed by the Court to file an answer, Respondent should do so.

Respondents in this District often file motions to dismiss rather than answers when seeking to invoke a procedural defense, such as procedural default, failure to exhaust, or the statute of limitations. This is usually erroneous—respondents in this District are almost always ordered expressly to file an answer, with the respondent permitted to invoke procedural defenses within that answer, see Rule 5(b)—but it is an understandable error, because the successful invocation of a procedural defense through a motion to dismiss will save the respondent a great deal of time and effort in responding to the habeas claims on the merits through an answer. In this case, however, filing a motion to dismiss is less understandable, as Respondent's defense of the Petition is entirely on the merits. Respondent is not seeking dismissal of the Petition, but denial of it. Accordingly, there was no reason for Respondent not to file an answer to the Petition as had been directed.

This mistake—the filing of a motion to dismiss in lieu of an answer—is a relatively minor one. But the second, and more serious, problem with Respondent's Motion to Dismiss is that it does not adequately respond to Petitioner's claim that the evidence at trial was insufficient for conviction. Rather than submitting relevant portions of the transcript of Petitioner's trial from which the Court could determine whether a reasonable jury might conclude that Petitioner was guilty of the offenses of conviction, Respondent has simply quoted at length the factual findings of the state appellate court. (Resp't's Mem. at 2-4 (Docket No. 8).) "But a federal habeas court cannot rely solely on the state court's opinion when deciding if that opinion clearly erred in its factfinding." Decloues v. Vannoy, 735 F. App'x 132, 133 (5th Cir. 2018) (per curiam); see also Magourik v. Phillips, 144 F.3d 348, 363 (5th Cir. 1998) ("We are at a loss to understand how a federal habeas court can conduct

a meaningful sufficiency review without a transcript of trial."). By not submitting any portion of the trial transcript and asking the Court to rely on the state court's description of the facts of this case, Respondent is inviting the Court to commit reversable error.[2]

Respondent's motion to dismiss is therefore denied without prejudice. Respondent is directed to file within 28 days of the date of this order an answer that <u>fully</u> complies with Section 2254 Rule 5. Petitioner may file a reply to that answer within 21 days of the date that the answer is filed and served.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Respondent's Motion to Dismiss (Docket No. 7) **DENIED without prejudice**;

2. Respondent is **DIRECTED** to file an answer to Petitioner Marcus Anthony Baker's Petition for a Writ of Habeas Corpus, showing cause why the writ should not be granted;

3. Respondent's answer must fully comply with Rules 5(b), (c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts and must include a reasoned memorandum of law and fact fully stating

---

[2] Nor is it enough for Respondent merely to say that transcripts are available if the Court requests. Rule 5(c) requires that "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant," and Respondent was directed to file an answer in compliance with Rule 5(c). To be sure, Rule 5(c) contemplates that a respondent may file a partial transcript and, if the partial transcript is insufficient, the district court may require the respondent to submit the remainder of the transcript. But the fact that a partial transcript will sometimes prove to be insufficient does not obviate Respondent from submitting, at a minimum, those portions of the transcript that it believes necessary for adjudicating the Petition.

Respondent's legal position on Baker's claims. The answer must be filed within 28 days of the date of this Order, and a copy of the answer served on Baker contemporaneously with such filing; and

4. Baker's response to the answer, if any, is due within 21 days of the date the answer is filed. Thereafter, no further submissions from either party will be permitted, except as expressly authorized by Court order.

Dated: November 3, 2023

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge